and I very I will try to reserve some few minutes of my time for a bubble. I very much appreciate the court's order directing us to focus on the condition prohibiting Mr. Vega from associating with gang members and specifically on whether the district court abused its discretion by not limiting this condition to knowing association. The condition in this case. Could you go a little slower, please? I mean, if you want to be understood. If you don't want to be understood, keep going fast. I apologize. I know there's a tendency because the clock is running and all that, but I think you get more mileage by assuming our ears are not as fast as you can tell. Thank you. I will try to do so and I appreciate your comments. The condition in this case was that Mr. Vega shall not associate with any member of any criminal street gang as directed by the probation officer, specifically any member of the Heartbeats street gang. So we have here a condition that impacts fundamental First Amendment freedom of association. And there are certain rules that apply to supervised release conditions under such circumstances. They were cited both in our briefs and also in the Soltero case, which I'll address in a moment. Some of these rules that apply to restriction on First Amendment freedoms are that a probationer has a separate due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison. Also, as the Soltero quote noted, a probationer must be put on clear notice of what conduct will and will not constitute a violation, a rule that is of particular importance when the conditions seem to reach constitutionally protected conduct. An overly broad condition cannot be saved merely because the government promises to enforce it in a narrow manner. And you've read that he's not to associate with gangs as directed by the probation officer, right? Yes. Now, does that mean that he's got to be put on notice by the probation officer, don't associate with gang A and gang B and gang C before he can be in violation of that order? Well, I think that that's another problem with the vagueness of the order, that we don't know what the probation officer can tell him not to associate with. But even if he says you can't associate with gang A or B, the question is what will Mr. Vega know? He's going to be in prison for five years. When he comes out, he's going to be expected to know who belongs to all the gangs that the probation officer might direct him not to associate with. He's not going to necessarily know who belongs to a gang. And presumably in the area in which he lives, it's gang-infested. So you're saying that there's no mens rea requirement? Exactly. I mean, I think the Court's focus on knowing association, which was the same focus in Soltero, is the key issue. In Soltero, the Court said that it was a very – it was a similar condition, but it had one critical difference. In Soltero, the condition was the defendant shall not associate with any known member of a criminal street gang, specifically any known member of the Delhi street gang, which was the gang at issue in that case. And the Soltero court said, we note that Soltero only violates the condition if the gang member he associates with is known to him to be a gang member, thus undermining his argument that he is expected to know of every gang operating on the streets. So in Soltero, the Court approved the condition because it specifically required the probationer or the supervisory lesee to know the gang that the person he was associating with was a gang member. And I had a case that was decided, an unpublished decision was issued last month, but I didn't raise it in a 28-J letter because it was an unpublished decision, but it was very similar to this case. I'm sorry? Wise move. But it was very similar to the issue that the Court is now focusing on. The condition in that case, which was U.S. v. Prado Medina, No. 075-0016, and the decision came down on May 5th, the condition was very similar to this one. The condition prohibited association with gang members, but did not require that the gang member be known to the supervisory lesee to be a gang member. Was this the arrangement, Mr. Judge? In this case, there was an objection, but I have to say it was the objection was as follows. No. 11, we think it is vague, which is the condition of the issue. We think it is vague and overbroad. This part is specifically about disruptive groups, and we object on that basis. So she said it was vague and overbroad, but then she perhaps limited that by saying that we're focusing on the disruptive groups aspect of it, which the Court did strike. We're focusing on what? I'm sorry. Disruptive groups. That was a term that was included in the PSR recommendation that the Court struck. Well, she said particularly. Yes, she did. So she focused, I mean, you could say limited to this, or the one thing we're particularly concerned with in the, as to this condition, we object to the whole thing on vagueness grounds, but we're especially concerned about the one thing she mentions there. Yes, you're right, Your Honor. It may well have been covered by the objection, although once again, it is always wise to tailor these things. I'm sort of trying to think out loud here. How would this work, this getting permission to associate with? It's sort of like if your client meets somebody, would they have to sort of run the name by the probation officer? I don't quite understand. Well, I think if it's, the concern with the overbreadth, if there's not the word known in it, then he has to basically assume that potentially anyone he meets might be a gang member, and I guess make inquiry of anyone before he associates with them, are you a Whereas if the word known is included in the condition, then he has to know that the person is a gang member, and presumably in the neighborhood he runs in, there might be a high percentage of people in the neighborhood that are gang members, and it restricts his freedom of association. It sounds to me like having him ask is a good idea. I mean, they might lie to him, but they might not, and isn't it better than having him sort I don't want to know, because if I know I can't associate with you, having him use that as an out, and say, oh, well, I never asked, don't ask, don't tell. What's the advantage of that? Well, I think, first of all, it restricts his freedom of association by requiring him to ask people if they're gang members. I also, I'm not that familiar with gang members, but it might be considered an affront to ask someone if they're a gang member. Don't we assume that there is a mens rea element of knowledge in these crimes, unless they happen to be strict liability issues such as health provisions? And shouldn't we await to see what happens to your client if he is violated, in other words, his supervision release is revoked, then he can raise the issue that this condition should be read with a knowledge requirement to be constitutional and wasn't read. Why don't we wait for that? Well, I think that's a good point, Your Honor, but the problem is with respect to constitutional issues, especially free association, I think the focus is on clarifying them up front so that you don't force someone to go into a violent, to be violated and possibly thrown in jail for exercising a constitutional right. That's why in the context of constitutionally protected freedoms, the supervised release conditions must be more, they cannot be vague. There's a heightened requirement that they not be vague. Well, let's look at it from the perspective of the district court judge. He knew that this particular defendant was a long-time gang member. He knew that his brother was a long-time gang member, but he excluded the brother. I guess familiar relationships and maybe thinking that the brother would let him know after five years what gangs were there. Wasn't this a sort of a reasonable kind of thing to impose on him? And it says, may I say, if a mistake is made, it's not talking about incidental contacts with anybody. It's talking about gang members. What is the district court judge supposed to do? Just put in the word known, and then wouldn't it be a defense that I didn't know he was a gang member, which would be raised after revocation and probation? Well, I think that there are a number of courts, the Sotero Court and other courts, are now including that word known because of the concern about the impact on constitutional freedoms. And if the defense were that I didn't know he was a gang member, then that would have to be something that would be litigated in the violation proceeding. But I think the concern is that when you're talking about constitutionally protected freedoms, you don't require someone to be violated and to go to prison and then to protect their rights. You make the condition clear up front to protect those rights. Thank you, Your Honors. May it please the Court. Daniel Levin on behalf of the government. The gang association condition in this case was justified, and there's no reason to vacate and remand. First, there was no objection to this aspect of the gang condition in the district court. In the sentencing papers, the defendant's sentencing paper, they raised two specific objections. One is to the language that bans association with disruptive groups, and the second is to the issue of the brother being a gang member. And those same issues are raised again at sentencing, and the district court, in fact, addresses both issues. The disruptive group's language is stricken, and the district court carves out an exception for association with the defendant's brother. So you think if they had said knowingly, the judge probably would have added knowingly. She might well have added knowingly, known, or reasonably should know. It's not the government's position that this is a strict liability offense. And this Court has said, and it says in Soltero, in fact, relying on a Second Circuit case, that inadvertent violations, that the supervision conditions are not construed in general to encompass inadvertent violations. So I don't think anyone is saying that this is a true strict liability. And there would normally be a lot to be said for saying, let's see how this plays out. We'll review it if there is a violation. But there is this First Amendment element to this. There is the constitutional right to associate, and this is a prohibitional association. And he is entitled to no affront with some possession as to who he can associate with. Well, I don't think this is overbroad in the constitutional sense, because he has noticed that he can't associate with criminal gang members that are directed by probation, so gangs that probation directs. And he can't associate with the Harpeys specifically. I think it does include, at least implicitly, the idea that it has to be some sort of knowing association. And the Supreme Court has said that association is more than an inadvertent association. It means some kind of sustained contact. As far as the record shows, do the Harpeys have tattoos or other sort of visible signs of recognition, so you could look at somebody and know that he's a gang member? There's nothing in the record that shows what, whether tattoos or color or something that the Harpeys might wear. However, there's substantial evidence in the record that this defendant is a member of the Harpeys. He was subject to a gang injunction. I think he had seven contempt citations for a violation of that injunction. So to the extent there's any identification associated with the Harpeys, and I imagine there probably is, this defendant is, I think, quite certain to know what those things are based on his long association with the gang. I do think that because the defense counsel addressed it, I'd like to briefly address the Prada Medina case, which was unpublished with the court's permission. In that case, there was a very similar condition to this. It didn't include an explicit knowledge requirement. It did include this disruptive groups language, no prohibition with disruptive groups. And the court vacated the condition on that basis, the disruptive groups basis, under Soltero, which had struck that language. And then came to the knowledge requirement, and it said, and this is a quote, we conclude, quote, unquote, known is implicit. But then it goes on and says because it's going back anyways, the district court might as well add in some language. So I don't think it was a remand based on the lack of an express sienta requirement, because I think the court found it was implicit. And I think they're Implicit in the word associate? I think it's implicit out of associate. And it's because association is more than de minimis. And I think it's implicit from So just meeting somebody in the supermarket aisle and striking up a casual conversation while shopping wouldn't fall under associate? I don't think so. I don't think a casual one-minute conversation would fall under that. And I think it's the Arsiana case from the Supreme Court, which is a probation case, and it was an association with ex-convicts provision. And the Supreme Court says, well, a casual encounter with an ex-convict doesn't rise to the level of associate, so there's no constitutional problem with that probation condition. I think it's the same sort of thing that's going on here. And I think that couples with the more general rule that supervised conditions are not generally read to encompass an inadvertent violation. So even the two things I think that the use of the word associate and that general rule work in tandem to prevent the kind of casual, accidental contact qualifying as a violation here. And the other thing that's available to defendant to defendant really thinks that he needs some more clarity about the precise level of mens rea. He can go back to the district court in the first instance under 3583e2 and ask for a modification. This wasn't raised to the district court initially. And the district court might be willing to say something, but that ought to be addressed in the first instance by the district judge, and that's available to defendant up until the end of supervision. Okay.  Thank you, Your Honor. You have much less than a minute left. Would you like a full minute for rebuttal? Thank you, Your Honor. Just to actually. Twelve seconds. Twelve seconds. Well, that's fine. Because I think most of the points have already been addressed.  could go back to the district court and ask for clarification. But really the clarification would be, do I have to know whether or not someone's a gang member? And I think this Court has already answered that question in Soltero. Yes, you do have to know, and there's no reason why it shouldn't be expressed, especially given, as this Court has recognized, we're dealing with fundamental First Amendment freedoms. Thank you, Your Honor.  Thank you. Case is now used and submitted. We'll hear argument next again. The next case is Ayala. Thank you.
judges: Kozinski, Nelson, Bea